IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UPMC d/b/a UNIVERSITY OF | ) | Case No. 3:16-cv-204 |
| PITTSBURGH MEDICAL CENTER, and | ) | |
| UPMC ALTOONA f/k/a ALTOONA | ) | JUDGE KIM R. GIBSON |
| REGIONAL HEALTH SYSTEM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CBIZ, INC., CBIZ BENEFITS & | ) | |
| INSURANCES SERVICES, INC., and | ) | |
| JON S. KETZNER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

I. Introduction

Pending before the Court is Plaintiffs' Motion for Limited Reconsideration of the March 29, 2018 Order. (ECF No. 107, errata ECF No. 116). Plaintiffs' Motion has been fully briefed (*see* ECF Nos. 107, 114, 115, 116) and is ripe for disposition.

Plaintiffs' instant Motion asks this Court to reconsider its Memorandum Opinion and Order of March 29, 2018. *See UPMC v. CBIZ, Inc.*, Case No. 3:16-cv-204, 2018 WL 1542423 (W.D. Pa. Mar. 29, 2018) (Gibson, J.). This Order of March 29, 2018 required that Plaintiffs produce all documents and communications in response to CBIZ's discovery requests numbered 106, 107, and 109-112. *See id.* at *10.

Plaintiffs argue that reconsideration of this Order is warranted because—despite Plaintiffs' prior failure to establish the applicability of the attorney-client privilege and/or the work-product doctrine when Plaintiffs opposed the Motion to Compel (ECF No. 75) filed by

Defendants CBIZ, Inc., CBIZ Benefits & Insurance Services, Inc., and Jon S. Ketzner (collectively "CBIZ")—that "manifest injustice" would result from the production of certain privileged communications in response to CBIZ's discovery requests 109 and 110. (*See generally* ECF No. 107, errata ECF No. 116.) Plaintiffs have produced responses to all other discovery required by this Court's Order of March 29, 2018, i.e., discovery requests 106, 107, 111, and 112. (*See* ECF No. 107, errata ECF No. 116.) Only discovery requests 109 and 110 are relevant for the present Motion for Reconsideration. (*See* ECF No. 107, errata ECF No. 116.)

The Court is hesitant to reconsider this matter, especially given that this Court expressly ordered Plaintiffs to adequately argue and support their claim of privilege and provided Plaintiffs with ample opportunity to make such arguments. (*See* ECF Nos. 75-1, 78, 80, 83, 86, 87, 89, 92, 93, 94, 97, 99, 100, 103.) However, in their Motion for Reconsideration and documents submitted to this Court for *in camera* review, Plaintiffs have *now* convincingly demonstrated to this Court that the attorney-client privilege and/or the work-product doctrine applies to *most* of the communications sought by CBIZ. Furthermore, the Court agrees with Plaintiffs that the compelled production of these communications would result in a manifest injustice that would unfairly penalize Plaintiffs for the mistakes of their counsel and would undeservedly infringe upon the fundamental protections of the attorney-client privilege.

Accordingly, because this Court agrees that *most* of the communications in question are protected by the attorney-client privilege and/or the work-product doctrine, Plaintiffs' Motion for Reconsideration (ECF No. 107, errata ECF No. 116) is **GRANTED IN PART** and **DENIED IN PART.**

Specifically, in regard to CBIZ's discovery requests number 109 and number 110, Plaintiffs need only produce ten documents—identified herein and in the Order accompanying this Memorandum Opinion—to CBIZ from those provided to this Court for *in camera* review.

## II. Jurisdiction and Venue

UPMC is a Pennsylvania nonprofit corporation with its principal place of business in Pittsburgh, Pennsylvania. (ECF No. 81 ¶ 1.) UPMC Altoona is likewise a Pennsylvania nonprofit corporation, with its principal place of business in Altoona, Pennsylvania. (*Id.* ¶ 2.) Plaintiffs allege that CBIZ, Inc. is a Delaware corporation with its principal place of business in Cleveland, Ohio, that CBIZ B&I is a Missouri corporation, and that Ketzner resides in Maryland. (*Id.* ¶¶ 4-7.) Plaintiffs seek damages "well over" $100 million. (*Id.* at 10.) Thus, this case is between citizens of different states and the amount in controversy exceeds $75,000. This Court, therefore, has subject-matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332(a)(1).

Because a substantial part of the alleged events giving rise to Plaintiffs' claims occurred within the Western District of Pennsylvania, venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## III. Legal Standard for Reconsideration of the March 29, 2018 Order

"A motion for reconsideration is a limited vehicle used 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Jackson v. City of Philadelphia*, 535 F. App'x 64, 69 (3d Cir. 2013) (quoting *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted

-3-

the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014) (quoting *Max's Seafood Café*, 176 F.3d at 677) (internal quotation marks omitted).

"Motions for reconsideration are not designed to provide litigants with a 'second bite at the apple.'" *Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, No. CV 10-1609, 2017 WL 432947, at *2 (W.D. Pa. Feb. 1, 2017) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)). "A motion for reconsideration is not to be used to relitigate, or 'rehash,' issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made." *Cole's Wexford Hotel*, 2017 WL 432947, at *2 (citing *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998)). "By reason of the interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted." *Cole's Wexford Hotel*, 2017 WL 432947, at *1.

## IV. Discussion

All of Plaintiffs' arguments and the basis for this Court's present decision fall exclusively under the third ground upon which a motion for reconsideration can be granted, i.e., "the need to correct a clear error of law or fact or to prevent manifest injustice." *Astrazeneca*, 769 F.3d at 848–49 (3d Cir. 2014) (quoting *Max's Seafood*, 176 F.3d at 677); *see also Cessna v. REA Energy Coop., Inc.*, Case No. 3:16-cv-42, 2018 WL 816844, at *2 (W.D. Pa. Feb. 9, 2018) (Gibson, J.). As stated *supra*, this Court holds that this third basis for granting a motion for reconsideration applies in the present case because the production of plainly privileged documents in violation of the attorney-client privilege would result in manifest injustice to Plaintiffs.

-4-

The Court has thoroughly reviewed the hundreds—if not thousands—of pages of documents provided by Plaintiffs for *in camera* inspection in relation to CBIZ's discovery requests 109 and 110. The Court certainly agrees with CBIZ that, rather than providing competent evidence only when they filed the instant Motion for Reconsideration, Plaintiffs' counsel should have presented these documents to the Court for *in camera* review and should have provided any other competent evidence to support a claim of privilege when Plaintiffs originally contested CBIZ's Motion to Compel. (*See* ECF No. 114.)

However, having now meticulously reviewed these documents *in camera*, the Court finds that nearly all of the documents in question fall within the scope of the attorney-client privilege. *See UPMC*, 2018 WL 1542423, at *3-*6 (providing pertinent rule statements and prior application of the standard for attorney-client privilege and work-product doctrine).

The Court finds that the following documents are <u>not</u> covered by attorney-client privilege or the work-product doctrine and, thus, must be produced to CBIZ to the extent they have not already been produced:

1) UPMC_ALTOONA0948638.pdf;

2) UPMC_ALTOONA0948762.pdf;

3) UPMC_ALTOONA PRIV 01528.pdf;

4) UPMC_ALTOONA PRIV 01478.pdf;

5) UPMC_ALTOONA PRIV 01479.pdf;

6) UPMC_ALTOONA PRIV 01480.pdf;

7) UPMC_ALTOONA PRIV 01481.pdf;

8) UPMC_ALTOONA PRIV 01482.pdf;

9) UPMC_ALTOONA PRIV 01483.pdf; and

10) UPMC_ALTOONA PRIV 00352.pdf.

Beyond these ten listed documents, the Court holds that *all* of the remaining documents provided to the Court for *in camera* review are protected by the attorney-client privilege and, moreover, that many of the remaining documents are also separately protected by the work-product doctrine.

Typically, a motion for reconsideration would not be appropriate under these circumstances and would easily be denied because there has been no intervening change in law and the documents now-provided by Plaintiffs clearly "could have been [offered] prior to the entry" of this Court's March 29, 2018 Order. *See Max's Seafood Café*, 176 F.3d at 677; *McDowell Oil Serv., Inc. v. Interstate Fire and Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). However, "[b]ecause the attorney-client privilege and the protections that it affords are of the utmost importance," *Pengate Handling Sys., Inc. v. Westchester Surplus Lines Ins. Co.*, Civil No. 1:06-CV-0993, 2007 WL 1176021, at *2-*3 (M.D. Pa. Apr. 20, 2007) (Rambo, J.) (citing *Hanes v. Liggett Group Inc.*, 975 F.2d 81, 90 (3d Cir. 1992)), manifest injustice would occur if the Court were to compel production of these privileged materials, especially privileged materials in the volume and variety at issue in the present case.

This Court will not embark on a detailed exegesis on the historical and current significance of the attorney-client privilege.[1] Yet, this Court fully recognizes the "utmost importance" of the

---

[1] The Court notes that Plaintiffs provided the Court with citations to numerous credible sources, dating back to 1782, to establish the undeniable and fundamental importance of the attorney-client privilege to the operation of courts in the Commonwealth of Pennsylvania and the United States. (*See* ECF No. 116 at 16-18.) The Court accepts and adopts the validity of Plaintiffs' citations that stand for the proposition that

-6-

privilege and finds that it would constitute a "manifest injustice" to ignore the privilege under these circumstances when (1) the applicability of the privilege is clear to the Court after *in camera* review of the relevant documents and (2) the only reason the privilege would not protect the documents in question is because of the failure of Plaintiffs' counsel to provide competent evidence to support the existence of the privilege at the appropriate time when Plaintiffs originally opposed CBIZ's Motion to Compel. *See Pengate*, 2007 WL 117601, at *2-*3 (granting a motion for reconsideration in an indistinguishable case featuring a latent claim of attorney-client privilege based on a newly submitted declaration that could have been presented when the motion to compel was originally contested); *see also Law Office of Douglas T. Harris, Esquire v. Philadelphia Waterfront Partners, LP*, 957 A.2d 1223 (Pa. Super. Ct. 2008) (holding that the appellants were not barred from latently invoking the privilege because "the attorney-client privilege is a critical facet of our justice system."); *Nat'l R.R. Passenger Corp. v. Fowler*, 788 A.2d 1053, 1061 (Pa. Commw. Ct. 2001) ("[T]he defense of privilege is not waived by the untimely filing of an objection to a discovery request when counsel fails to timely raise that issue. In such an instance, it is counsel who should be penalized, not the client who holds the privilege.").

Therefore, with the exception of the required production of those ten documents listed above, this Court will grant Plaintiffs' Motion for Reconsideration because ordering Plaintiffs to produce the remaining documents would impose manifest injustice upon Plaintiffs by clearly violating the attorney-client privilege for no other reason than the failure of Plaintiffs' counsel to adequately defend against CBIZ's Motion to Compel.

---

the attorney-client privilege and Court's respect for the attorney-client privilege are of the utmost importance.

## V. Conclusion

In sum, Plaintiffs' Motion for Reconsideration (ECF No. 107, errata ECF No. 116) is **GRANTED IN PART** and **DENIED IN PART** because this Court finds that most of the documents in question are protected by the attorney-client privilege and/or the work-product doctrine. With the exception of those ten documents identified *supra* and in the Order accompanying this Memorandum Opinion, Plaintiffs need not respond to CBIZ's discovery requests number 109 and number 110.

A corresponding order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UPMC d/b/a UNIVERSITY OF | ) | Case No. 3:16-cv-204 |
| PITTSBURGH MEDICAL CENTER, and | ) | |
| UPMC ALTOONA f/k/a ALTOONA | ) | JUDGE KIM R. GIBSON |
| REGIONAL HEALTH SYSTEM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CBIZ, INC., CBIZ BENEFITS & | ) | |
| INSURANCES SERVICES, INC., and | ) | |
| JON S. KETZNER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**NOW**, this 7th day of May 2018, upon consideration of Plaintiffs' Motion for Limited Reconsideration of the March 29, 2018 Order (ECF No. 107, errata ECF No. 116) and all briefs filed by the parties, and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration (ECF No. 107, errata ECF No. 116) is **GRANTED IN PART** and **DENIED IN PART**.

Specifically, it is **ORDERED** that Plaintiffs produce the following documents to Defendants within seven (7) days of the date of this Order:

1) UPMC_ALTOONA0948638.pdf;

2) UPMC_ALTOONA0948762.pdf;

3) UPMC_ALTOONA PRIV 01528.pdf;

4) UPMC_ALTOONA PRIV 01478.pdf;

5) UPMC_ALTOONA PRIV 01479.pdf;

6) UPMC_ALTOONA PRIV 01480.pdf;

7) UPMC_ALTOONA PRIV 01481.pdf;

8) UPMC_ALTOONA PRIV 01482.pdf;

9) UPMC_ALTOONA PRIV 01483.pdf; and

10) UPMC_ALTOONA PRIV 00352.pdf.

It is **FURTHER ORDERED** that, beyond the production of these ten documents, Plaintiffs need not produce the confidential, internal documents responsive to Defendants' discovery requests number 109 and number 110.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE